BANKRUPTCY RECOVERY GROUP, LLC
Talitha Gray Kozlowski, Esq. (*Pro Hac Vice Pending*)
Nevada Bar No. 9040
tgray@brg.legal
Garrett Nye, Esq. (*Pro Hac Vice Pending*)
Illinois Bar No. 6329215
gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 702-483-6126

RAINES FELDMAN LITTRELL LLP
Hamid R. Rafatjoo, Bar No. 181564
hrafatjoo@raineslaw.com
Christopher J. Horvay (*Pro Hac Vice Pending*)
Illinois Bar No. 1263315
chorvay@raineslaw.com
1900 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Telephone: 310-440-4100

*Counsel to Jeremy Rosenthal, as Liquidation Trustee of the WHC Liquidation Trust*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br>WATSONVILLE HOSPITAL CORPORATION, *et al.*,<br>Debtors.[1] | Case No. 21-51477<br><br>Chapter: 11<br><br>(Jointly Administered) |
| JEREMY ROSENTHAL, AS LIQUIDATION TRUSTEE OF THE WHC LIQUIDATION TRUST,<br>Plaintiff,<br>v.<br>NORTON ROSE FULBRIGHT US LLP,<br>Defendant. | Adversary No. ___<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

Jeremy Rosenthal, as Liquidation Trustee of the WHC Liquidation Trust ("Plaintiff"), files this Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 ("Complaint"), and alleges as follows:

**Jurisdiction and Venue**

1. On December 5, 2021 ("Petition Date"), *Watsonville Hospital Corporation* ("WHC") (Case No. 21-51477); *Watsonville Healthcare Management, LLC* ("WHM") (Case No. 21-51478); *Watsonville Hospital Holdings, Inc.* (Case No. 21-51479) and *Halsen Healthcare, LLC* (Case No. 21-10531) (referred to together, respectively, as the "Debtors" and the "Cases") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court").[2]

2. This adversary proceeding arises out of and relates to the Cases and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), as it involves the avoidance and recovery of certain transfers pursuant to Chapter 5 of Title 11 of the United States Code.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**Parties**

5. Plaintiff is the trustee of the WHC Liquidation Trust and has the right and power to prosecute Debtors' Chapter 5 claims.

6. Norton Rose Fulbright US LLP ("Defendant") is a pre-petition creditor of WHC.

7. Defendant may be served with a copy of the summons and Complaint, pursuant to Fed. R. Bankr. P. 7004, through its managing partner, Jeff Cody, at 1301 Mckinney St., Ste 5100, Houston, TX 77010-3095.

---

[2] On December 6, 2021, the Bankruptcy Court entered an Order Authorizing Joint Administration Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 1015(b), thereby authorizing the joint administration of the Cases. *In re Watsonville Hospital Corporation,* Case No. 21-51477, serves as the lead case.

### Transfers

8. On information and belief, Defendant provided services to or for the benefit of WHC.

9. During the 90 days before the Petition Date, WHC made certain transfers of its interest in property to Defendant ("Transfers") in satisfaction of certain obligations owed to Defendant prior to the date of the Transfers.

10. The Transfers were made from one or more of WHC's bank accounts and include, but are not limited to, the payments identified in Exhibit "A" to this Complaint, totaling no less than $584,206.89.

### Demand and Due Diligence

11. Plaintiff sent a letter to Defendant demanding that it return the Transfers or provide information substantiating any defenses it might have, including under 11 U.S.C. § 547(c).

12. To date, Defendant has failed to return the Transfers or provide evidence establishing a complete defense under 11 U.S.C. § 547(c).

13. Before filing this Complaint, and after considering Debtors' records, the docket in the Cases and any information provided by Defendant, Plaintiff evaluated Defendant's potential defenses under 11 U.S.C. § 547(c).

### COUNT I

### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

14. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 13 of the Complaint as if the same were fully repeated herein.

15. The Transfers were of an interest in property of WHC.

16. The Transfers were made to or for the benefit of Defendant.

17. The Transfers were made on account of antecedent debts owed by WHC to Defendant before the Transfers were made.

18. The Transfers were made while WHC was insolvent, such insolvency being presumed pursuant to 11 U.S.C. § 547(f).

19. The Transfers were made within ninety days before the Petition Date.

20. WHC's Summary of Assets and Liabilities for Non-Individuals show that its liabilities exceeded its assets by over $33,000,000.00 on the Petition Date. Furthermore, the chapter 7 liquidation analysis contained in Exhibit C of the Disclosure Statement for First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and Official Committee of Unsecured Creditors shows that general unsecured creditors of Debtors would receive no distribution in a hypothetical liquidation. Accordingly, the Transfers enabled Defendant to receive more than it would have received if (i) WHC's bankruptcy case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendant received payment of the debt to the extent allowed by the Bankruptcy Code.

21. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

22. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 21 of the Complaint as if the same were fully repeated herein.

23. Defendant was the initial transferee of the Transfers.

24. Defendant was the entity for whose benefit the Transfers were made.

25. Based upon the foregoing, Plaintiff is entitled to recover the Transfers or their value from Defendant pursuant to 11 U.S.C. § 550(a).

## COUNT III

### (Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

26. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 25 of the Complaint as if the same were fully repeated herein.

27. To the extent any of the Transfers are avoided under any provision of Chapter 5 of Title 11 of the United States Code, any claim filed by Defendant must be disallowed pursuant to 11 U.S.C. §502(d) until the avoided Transfers are returned.

### Reservation of Rights

28. This Complaint is intended to seek recovery of all transfers to Defendant avoidable under Chapter 5 of Title 11, including any payments received during the applicable preference period not specifically identified in the Complaint. Plaintiff reserves the right to amend this Complaint if additional claims are revealed during discovery, including, but not limited to, any claims arising under Chapter 5 of Title 11 of the United States Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Find that the Transfers are avoidable pursuant to 11 U.S.C. § 547(b);

b. Find that Plaintiff is entitled to recover the Transfers or their value pursuant to 11 U.S.C. § 550 and enter judgment against Defendant and in favor of Plaintiff in an amount equal to the Transfers, plus all interest, costs and attorneys' fees as may be allowed by law;

c. Disallow any claim filed by Defendant pursuant to 11 U.S.C. § 502(d) until such time that Defendant returns any avoided Transfers; and

d. Grant any further relief that the Court deems necessary and proper.

*[Signature Page to Follow]*

Dated this 30th day of November 2023.    RAINES FELDMAN LITTRELL LLP

By:   */s/ Hamid R. Rafatjoo*
Hamid R. Rafatjoo, Bar No. 181564
hrafatjoo@raineslaw.com
Christopher J. Horvay (*Pro Hac Vice Pending*)
Illinois Bar No. 1263315
chorvay@raineslaw.com
RAINES FELDMAN LITTRELL LLP
1900 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Telephone:   310.440.4100
Facsimile:   310.691.1367

*and*

BANKRUPTCY RECOVERY GROUP, LLC
Talitha Gray Kozlowski, Esq. (*pro hac vice pending*)
Garrett Nye, Esq. (*pro hac vice pending*)
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119

*Counsel to Jeremy Rosenthal, as Liquidation Trustee of the WHC Liquidation Trust*

**EXHIBIT A**

**Payment List for NORTON ROSE FULBRIGHT US LLP**

| Payment Date | Check Number | Payment Amount |
|---|---|---|
| 9/7/2021 | 383185 | $584,206.89 |